The Chief Justice

Delivered the Opinion of the Court.
Seth Cook, being entitled, as husband, to claim an undivided interest in the remainder in some slaves which had been allotted as dower to his wife’s mother, for life, and also his wife’s distributable interest in her deceased father’s personal estate, made a transfer thereof, in, the year 1829, to Henry L. Edrington, by a writing signed and sealed, and importing a sale for the. price of three hundred dollars.
Afterwards, in 1831, Cook's undivided interest in one of those slaves named Levi, was sold under an execution *365 issued on a judgment in favor of one of his creditors; and William Hall, who seems to have been Cook’s general agent, and resided in Franklin county, where the sale was made, became the purchaser at the price of fifty one dollars and said, during the biddings at the sale, and afterwards wrote to Cook, that he made the purchase for the benefit of Cook, who had, some time before the sale, removed from Franklin, to Hickman county.
Held, that, tho' the purchase under the execution was made by the general agent of the debtor, as it was not made by his direction, and he was not bound to recognize it as his, or to refund the purchase money, the purchaser was a liberty to retain the property. But-
After this sale, a bill in, chancery was filed, in the Franklin Circuit Court, at Hall’s instancy, as Cook’s agent, in the name of Cook and wife, for a partition of the dower slaves, the widow being then dead, and for a distribution of the residual estate in the, hands of the personal representatives of Mrs. Cook’s deceased father. The bill alleged that Mrs. Cook and two sisters were entitled to the entire estate to be divided and distributed, and that Cook, having purchased the interest of one of those sisters, was thereby and in virtue of his marital rights, entitled to two thirds, which were accordingly decreed and allotted to him. Levi and other slaves, and some promissory notes having been thus allotted to Cook, Hall received the entire allotment from the personal representative, and gave him a receipt therefor, as agent of Cook.
Cook afterwards directed Hall to deliver Levi to H. L. Edrington, but he failed to do so and thereupon, Edrington sued him therefor, in detinue. Edrington having died, pendente lite, the action was, by consent, revived in the names of his personal representatives, though he had devised to his surviving wife, all his slaves, during her life.
Judgment having been rendered against Hall for the slave Levi, and for four hundred and fifty dollars damages for the detention of him, this Writ of error brings up that judgment for revision. J.
As all objection to the revival of the suit in the names of the personal representatives, instead of reviving, as would have been proper, in the name of the devisee, seems to have been waived, and as we perceive no essential error in any opinion given by the Circuit Judge, during the trial-only question we now is *366 whether the law and the facts of the case authorized the verdict.
That, though, the transfer by S. C. to H. E. may have been void as to creditors, it was valid as between the parties to it; and, if the purchase under ex’on, was in fact made by S. C. through his agent, it inured, by estoppel, to the benefit of his vendee. And—
That, as the purchaser under the ex’on who was the agent of S. C. received his first possession of the slave, not under his purchase, but at the distribution, and as agent for S. C.—a jury might infer that, he was estopped front claim’g the slave in his own right; and might infer, also, that he was fully reimbursed for the money advanced, in the purchase, out of the notes &c. received by him, which were amply sufficient for the purpose. And that, therefore, the verdict is sustained by the law and facts of the case.
If the agent has a lien on the slave for moneys advanced, his remedy is in equity.
It is admitted in the record, that there was evidence conducing to prove that the transfer from Cook to Edrington, was merely colorable, and intended to defraud the creditors of the former.
And assuming, on this ground, that Cook’s interest in Levi was vendible under the execution of his bona fide judgment creditor, Hall’s counsel insists that there was no sufficient proof of the assumed fact, that Hall purchased as Cook’s agent, and argues, also, that even if he did so purchase, he has a right to retain the possession of Levi, until the price given at the sale shall have been refunded.
It is true that, though Hall was Cook’s general agent, and intended the purchase of Levi for Cook’s benefit — yet, as there was no proof that Cook had authorized that purchase, or was bound to recognize it, and refund the price paid by Hall, the purchase may not, ipso facto, have vested any legal interest in Cook, and through him, in his vendee, Edrington; and Hall, if he acquired any legal interest under the execution, might not, therefore, be under any legal obligation to surrender it to Cook or to Edrington’s devisee, even upon a tender of the price paid to the sheriff.
But Hall did not obtain the possession of Levi in his character of purchaser; he received him for the first time, as Cook’s agent, under the decree whereby, at Hall’s own instance, as agent, this slave was allotted to Cook, And, at the same time, he received, in money or its equivalent, an amount far exceeding the sum he had paid under the execution, From these latter facts, combined with those first suggested, the jury had a right to infer, that Hall should be estopped from asserting any personal claim to Levi, or even any lien on him for the fifty one dollars which had been more than reimbursed by the sum received by him as Cook’s agent; for in receiving Levi as Cook’s agent, under the decree, and also a reimbursement of the fifty one dollars, he virtually acknowledged that the slave was not his own to any extent, or for any purpose.
*367 If, therefore, Cook had any vendible interest which any could have passed by the sale under the execution, the jury had a right to infer that he was himself the purchaser of that interest, and that Hall held Levi as a mere bailee of the true owner. Only Cook’s undivided interest (of either one third or two thirds) in Levi, was sold under the execution; and the subsequent allotment to him, of the entire title to Levi did not enlarge the interest which passed by that sale. But as Cook had transferred to Edrington, all his right, not to Levi specifically, but to the then undivided interest of his wife in her deceased father’s estate,' all that interest, as subsequently ascertained and identified in the partition, to the extent, at least, of her vested remainder in the slaves, passed tel Edrington; excepting only, so far as the sale under the execution may have affected him. And therefore, the allotment of Levi, to Cook, vested the entire title to hint in Edrington, unless Hall acquired a beneficial interest in him by his purchase under the execution; for although the transfer to Edrington may have been void as to the creditors of Cook, yet, nevertheless, so far as in its import and effect, it was executed, it was valid between the parties to it, and though, in consequence of the fraud, a partial title would have passed to any stranger who might have purchased for himself under the execution, still á purchase by Cook himself, would have enured to Edrington’s benefit by estoppel, and have left the whole right ini him, especially when, as is proved in this case, Cook requested Hall to deliver Levi to Edrington, and thereby recognized the latter’s right to him, after the sale under the execution, and after the partition and allotment.
We are, therefore, of the opinion, that, all objection to the parties being waived, the law and the facts sustain the verdict and judgment in this case.
It is intimated in the record, that Hall has paid money as surety for Cook, and therefore claims the right to retain Levi for his indemnity. But if this he true, and he he entitled to any available lien on Levi, his only remedy is in a court of equity.
Judgment affirmed.